```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KEVIN GILL,                                                          NOT FOR PUBLICATION

                   Plaintiff,[1]

                                                                     MEMORANDUM OF
                                                                     DECISION AND ORDER
          -against-
                                                                     16-CV-3412 (LDH) (LB)


THE CITY OF NEW YORK; METROPOLITAN
TRANSIT AUTHORITY,

                   Defendants.
----------------------------------------------------------------x
```
LaSHANN DeARCY HALL, United States District Judge:

    Plaintiff Kevin Gill, proceeding pro se, commenced this action on June 21, 2016, and alleges federal question jurisdiction pursuant to 28 U.S.C. § 1331. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

    The following facts are drawn exclusively from the complaint, and are assumed to be true for purposes of this Memorandum of Decision and Order. On June 18, 2013, plaintiff was riding his bicycle in Brooklyn, New York when he was allegedly struck by a New York City bus. Plaintiff alleges negligence on the part of the bus operator and seeks unspecified damages.

---

[1] This is the sixth action that plaintiff has filed in this District. *See Gill v. Silver Investors et al.*, 16 CV 3219 (filed June 14, 2016); *Gill et al., v. City of New York et al.*, 16-cv-1398 (filed Mar. 18, 2016); *Gill v. City of New York*, 15-cv-6623 (filed Nov. 17, 2015); *Gill v. City of New York*, 15-cv-5746 (filed Oct 1, 2015); *Gill et al., v. City of New York et al.* 15-cv-5603 (filed Sept. 23, 2015); *Gill et al., v. City of New York et al.* 15-cv-5513 (filed Sept. 21, 2015). All of these actions are presently pending.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy"; or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam))(citation omitted).

Moreover, at the pleadings stage of the proceeding, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and a court is required to read a plaintiff's pro se complaint liberally and interpret it raising the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-92 (2d Cir. 2008).

## DISCUSSION

### I. Subject Matter Jurisdiction

Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the court *sua sponte*. *See Henderson ex rel. Henderson v. Shinseki,* 562 U.S. 428,

434 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."). If a court lacks subject matter jurisdiction, it must dismiss the action. *See* Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction exists only where the action presents a federal question pursuant to 28 U.S.C. § 1331, or where there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Arbaugh*, 546 U.S. at 513. A plaintiff properly invokes § 1332 when he presents a claim "between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000." *Id.* "'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (quoting *Sharkey v. Quarantillo,* 541 F.3d 75, 82 (2d Cir. 2008)) (citation omitted).

Here, diversity is clearly lacking as plaintiff resides in New York (Compl. ¶ 4, ECF No. 1), and defendants are the City of New York and the Metropolitan Transit Authority, a public-benefit corporation of the State of New York. *See Byrd v. Metro. Transit Auth.*, No. 15-cv-1364, 2015 WL 4546718, at *2 (E.D.N.Y. July 28, 2015) (noting that Metropolitan Transit Authority is "a New York State public benefit corporation that provides public transportation services to the Greater New York City area" (quoting *Mazyck v. Metro. Transp. Auth.*, 893 F. Supp. 2d 574, 580 (S.D.N.Y. 2012)).

Although plaintiff asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331, his action is a personal injury action for injuries that he sustained when a city bus allegedly collided with the bicycle that he was riding. (Compl. ¶¶ 2, 9-13.) Plaintiff's claim arises under state, not

federal law.[2] *See Eley v. N.Y.C. Transit Auth.*, No. 14-cv-6886, 2014 WL 6983452, at *2 (E.D.N.Y. Dec. 10, 2014) (district court lacked subject matter jurisdiction over plaintiff's slip-and-fall claim against the Metropolitan Transit Authority); *Banks v. Constantine*, No. 12-cv-3239, 2012 WL 2803616, at *2 (E.D.N.Y. Jul. 10, 2012) (dismissing negligence claim against City of New York in connection with plaintiff's slip-and-fall accident because it did not arise under federal law).

Whereas ordinarily the Court would allow plaintiff an opportunity to amend his complaint, *see Cruz v. Gomez*, 202 F.3d 593, 597-98 (2d Cir. 2000), it need not afford that opportunity here where it is clear from plaintiff's submission that he cannot establish a basis for this Court's subject matter jurisdiction. Therefore, any attempt to amend the complaint would be futile. *See Ashmore v. Prus,* 510 F. App'x 47, 49 (2d Cir. 2013) (summary order) (finding leave to amend would be futile where barriers to relief could not be surmounted by reframing the complaint); *see also Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (denying leave to amend pro se complaint where amendment would be futile).

---

[2] Although the Court offers no opinion on the merits of his claim, plaintiff may pursue any potential action in the state courts.

## CONCLUSION

Plaintiff's complaint is dismissed without prejudice for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

/s/ LDH
LaSHANN DeARCY HALL
United States District Judge

Dated: Brooklyn, New York
      August 26, 2016